■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. OSCAR L. TROTMAN, Appellant.— Order unanimously reversed and matter remitted to Onondaga County Court for a hearing. Memorandum: In 1960 a four-count indictment was returned charging appellant with two counts of rape, first degree, and two counts of assault, second degree. The third of these counts alleged that the assault had been committed with intent to commit rape while the fourth count charged assault with a weapon likely to produce grievous bodily harm. The third count, of course, was punishable in the discretion of the court by a term of one year to life, while only a sentence of not to exceed five years might have been imposed upon conviction as to the fourth count (Penal Law, § 243). On April 14, 1960 appellant (having previously pleaded not guilty as to all counts) appeared in court with his attorney. The prosecutor addressed appellant and stated that it was his understanding that Trotman desired "to make some other disposition" of his case. When defendant answered in the affirmative he was asked what he "wanted to do." The following ensued: "(Appellant): Plead guilty to one count. (Prosecutor): Which count? (Appellant): The third count." There was no further exploration of this subject by court or prosecutor. Some three weeks later appellant was sentenced to one day to life. It appears from certain ambiguous remarks made by his counsel at the time of sentencing that only one trained in law could conclude that appellant had entered a plea to the count that permitted imposition of such a sentence. In this *coram nobis* proceeding it is alleged that prior to entry of the plea appellant's counsel conferred with an Assistant District Attorney at which time it was agreed that Trotman could plead to assault, second degree, but there was no further elaboration. Thereafter, it is alleged, the attorney told appellant and his father that a plea would be accepted to the crime of assault, second degree; that defendant was then 18 years of age and it was then his understanding that he was pleading to a crime that would carry a maximum punishment of five years. While appellant's former counsel (at the behest of the People) has submitted an affidavit it sets forth only in general terms that defendant was informed in detail of the charges in the indictment; that there was no fraud or trickery and it was the opinion of counsel that it was in

the best interests of Trotman to plead to the "third count" of the indictment. We conclude that a hearing should be had at which the issues may be tried and a determination made. It is recognized that several years have passed since the events took place. But this is only one of the factors "to consider in determining how valid the assertions are; albeit, if [defendant's claims] are made out, justice requires that they be explored in a hearing." (*People* v. *Todzia*, 21 N Y 2d 338,352.) The absence of adequate or effective communication between appellant on the one hand and his attorney and the court on the other hand is demonstrated by a remark made to the Judge by defendant during the sentencing proceeding. When the court stated that Trotman had not "learned any lesson" the latter replied: "I should like to say a few words. I know the case is serious and I know I have a debt to pay too. I was talking to my lawyer and he told me to say you might let me out on probation." It conclusively appears that defendant was never minimally informed in court, as he should have been, to which of the two counts of assault, second degree he was pleading guilty. It taxes credulity to believe that this youth, without prompting by someone, would state without elaboration that he was pleading to the "third count" of the indictment. Significantly, his counsel at that time does not in the affidavit submitted in this proceeding assert that he informed Trotman of the contents of the "third count" or the permissible ensuing punishment upon entry of a guilty plea thereto. (Appeal from order of Onondaga County Court denying, without a hearing, motion to vacate judgment of conviction for assault, second degree, rendered May 5, 1960.) Present — Williams, P. J., Bastow, Goldman, Del Vecchio and Witmer, JJ.